UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

KATHLEEN ANN CLARK,

                      Debtor.
----------------------------------------------------------X

Chapter 13
Case No.: 19-44280-cec

### DEBTOR'S APPLICATION IN SUPPORT FOR AN ORDER SCHEDULING A HEARING ON AN EXPEDITED BASISS FOR AN ORDER TO SET ASIDE AND GRANT RELIEF FROM AN ORDER DATED SEPTEMBER 3, 2019 DIRECTING THE CLERK'S OFFICE TO DISMISS THE ABOVE-REFERENCED BANKRUPTCY PROCEEDING AND TO SET ASIDE AND GRANT RELIEF FROM AN ORDER DATED SEPTEMBER 19, 2019 CLOSING THE ABOVE BANKRUPTCY PROCEEDING FOR THE PURPOSE OF SETTING ASIDE A FORECLOSURE SALE THAT OCCURRED ON JULY 12, 2019

KATHLEEN ANN CLARK, the above-referenced Debtor (the "Debtor"), through her

attorneys, Alishaev Law Group, respectfully submits this as and for her application seeking an

Order setting aside the Order entered on September 3, 2019 dismissing the above-referenced case

and the Order entered on September 19, 2019 closing the above-referenced case pursuant to Rule

60 of the Federal Rules of Civil Procedure for the purpose of seeking an Order setting aside a

foreclosure sale that occurred on July 12, 2019 with regards to the real property known as 108-21

154th Street, Jamaica, New York and states as follows:

#### Background Facts

1. On July 12, 2019, the Debtor filed a petition for bankruptcy relief pursuant to Chapter

   13 of the Bankruptcy Code which was assigned case number 19-44280-cec. The

   Debtor was not represented by counsel at the time she filed the petition.

2. The petition was filed on the day of the scheduled foreclosure sale of her home

   known as 108-21 154th Street, Jamaica, New York (the "Property"). Wells Fargo

   Bank, N.A. ("Wells Fargo") had commenced a foreclosure action against the Debtor

in the Supreme Court of the State of New York, County of Queens which was assigned index number 705607/2013.

3. The Court's records indicate that the petition for the above case was filed at 10:56 a.m. A copy of the notice of the bankruptcy petition is annexed hereto as Exhibit "A".

4. The Debtor believes that the foreclosure sale in connection with her property occurred subsequent to her bankruptcy filing.

5. The Debtor commenced the Chapter 13 bankruptcy proceeding for the purpose of trying to either save her home or to enter into loss mitigation with Wells Fargo Bank, N.A. through the bankruptcy proceeding. The Debtor was seeking to enter into a short sale or a loan modification with Wells Fargo.

6. When the Debtor learned that the foreclosure sale went forward despite the bankruptcy filing, she abandoned her efforts to continue with the bankruptcy proceeding because she believed that it was not possible anymore to save her home or to negotiate an amicable resolution to the foreclosure action with Wells Fargo. The Debtor was not represented by counsel and did not know what to do regarding the Chapter 13 bankruptcy filing. As such, the Court, thereafter, entered an Order dated September 3, 2019 directing the Clerk of the Court to dismiss the Chapter 13 case for failure to file the required schedules and other documents in connection with the bankruptcy case. [Please see Docket No. 15 on the Court's Electronic Docket System].

7. The Debtor is uncertain as to the time that the foreclosure sale took place and believes that it took place subsequent to the bankruptcy filing.

8. The Debtor has tried to contact the Referee assigned to conduct the foreclosure sale, Joseph Misk at the telephone number indicated in the Judgment of Foreclosure and Sale and that telephone number is not a working number. Annexed hereto as Exhibit "B" is the Judgment of Foreclosure and Sale and Debtor refers specifically to page 3 of the Judgment of Foreclosure and Sale.

9. Debtor's Counsel also requested information from Well Fargo's attorney regarding the foreclosure sale but has not received any response.

10. Pursuant to the Foreclosure Sale Rules of Queens County, within thirty days after completing the sale and executing the proper conveyance to the purchaser, the Referee conducting the sale shall file with the clerk his/her report under oath of the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payments were made (RPAPL 1355). A copy of Queens County Supreme Court Foreclosure Auction Rules is annexed hereto as Exhibit "C".

11. Upon information and belief, the Referee has not yet filed his report under oath of the disposition of the proceeds of the sale.

## Relief Sought

12. By way of this motion, Debtor is seeking an Order setting aside the Order dismissing her bankruptcy case and closing the case pursuant to Rule 60 of the Federal Rules of Bankruptcy Procedure for the purpose of setting aside the foreclosure sale that occurred on July 12, 2019 as void and in violation of the automatic stay or as a voidable preference.

13. Rule 60(b) of Federal Rules of Civil Procedure provides that "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment,

order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic
> or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or (6) any other reason that justifies relief."
> Fed. R. Civ. P. 60(b).

14. Whether relief under Rule 60(b) is warranted is a matter of the court's

sound discretion. See *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

15. A motion under Rule 60(b) must be made within a reasonable time–and for reasons

(1), (2), and (3) no more than a year after the entry of the judgment or order or the

date of the proceeding." Fed. R. Civ. P. 60(c)(1). Where relief under subsections (1)

through (5) are implicated, a party may not seek relief under subsection (6). In this

case, the Debtor seeks relief under subsection (1), and only that subsection applies.

See, e.g., *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (noting that "[r]elief

from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such

error constitutes mistake, inadvertence or excusable neglect").

16. Context is particularly important when considering "excusable neglect" under Rule

60(b)(1). As stated by the United States Supreme Court, excusable neglect is an

"elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

380, 392 (1993). The meaning of "excusable neglect" will often "depend upon the

procedural framework in which it is to be applied." *Xuchang Rihetai Human Hair Goods Co. v. Sun (In re Sun)*, 323 B.R. 561, 564 (Bankr. E.D.N.Y. 2005).

17. The Supreme Court's decision in *Pioneer* provides guidance on the meaning of both "neglect" and "excusable." The Court concluded that "neglect" applies to conduct "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control." *Id.* at 388. It then set forth factors to consider when determining whether such neglect is excusable. According to the Court, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These factors "include" (1) "the danger of prejudice [to the non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.*

18. Here, the Debtor was pro se when she filed the petition and she did not know what to do after she filed the bankruptcy petition and learned that the foreclosure sale went ahead despite the filing. Because the Debtor did not have the assistance of counsel, she did not know the steps that needed to be taken to verify the time of the foreclosure sale and how to deem it void as a violation of the automatic stay. She also was not aware that a foreclosure sale in certain instances may be set aside as a voidable preference.

19. The Debtor will be severely prejudiced and lose her home if she is not provided with the opportunity to obtain the details regarding the foreclosure sale. She needs to verify the exact time it took place and how much it was sold for.

20. When a bankruptcy case is filed, the automatic stay "is effective immediately upon the filing of the petition . . . and 'any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.'" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (quoting *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.* (In re 48th St. Steakhouse, Inc.), 835 F.2d 427, 431 (2d Cir. 1987), cert. denied sub nom. *Rockefeller Grp., Inc. v. 48th Street Steakhouse, Inc.*, 485 U.S. 1035 (1988)).

21. In the Second Circuit, actions taken in violation of the automatic stay generally are held to be void ab initio. *In re Ebadi*, 448 B.R. 308, 313 (Bankr. E.D.N.Y. 2011) (citing *Rexnord Holdings*, 21 F.3d at 527 and *48th St. Steakhouse*, 835 F.2d at 431); *In re Olejnik*, 2010 WL 4366183, at *5 (Bankr. E.D.N.Y. Oct. 28, 2010) (citing *Rexnord* and *48th Street Steakhouse*). As the bankruptcy court observed in *In re Ebadi*, a foreclosure sale must be vacated where it had been accomplished in violation of the automatic stay "even if the violation were done unknowingly." *In re Ebadi*, 448 B.R. at 313.

22. If the Debtor's filing occurred before the foreclosure sale, the foreclosure sale will be deemed void and the foreclosure sale must be vacated.

23. In addition, the foreclosure sale may possibly be avoided as a preference. Under § 547 of the Bankruptcy Code, the bankruptcy trustee may avoid any transfer of a debtor's property interest that is: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made . . . on or within 90 days before the date of the filing of the petition. 11 U.S.C. § 547(b).

24. Properly conducted foreclosure sales may be avoided as an unlawful preference by a number of courts.. See *Norwest Bank Minn., N.A. v. Andrews*, 262 B.R. 299 (Bankr. M.D. Pa. 2001); *Rambo v. Chase Manhattan Mortg. Corp.*, 297 B.R. 418 (Bankr. E.D. Pa. 2003); *Villarreal v. Showalter*, 413 B.R. 633 (Bankr. S.D. Tex. 2009) (Isgur); *Whittle Dev., Inc. v. Branch Banking Trust Co.*, 463 B.R. 796 (Bankr. N.D. Tex. 2011) (Hale); *Nguyen v. Wells Fargo Home Mortg.*, 2013 Bankr. LEXIS 1605 (Bankr. S.D. Tex. 2013) (Isgur); *Berley Assocs. v. Eckert*, 2013 Bankr. LEXIS 2025 (Bankr. N.J. 2013) (Kaplan).

25. The determining factor is usually whether the sale back to the creditor will enable that foreclosing creditor to received more value for the house than it would receive if the property was sold by a trustee in a chapter 7 case.

26. Therefore, before the Debtor can determine whether she has a viable action to seek to set aside the foreclosure sale as a preference, she needs details regarding the sale to determine whether Wells Fargo received more through the foreclosure sale than it would have received in a chapter 7 case.

27. According to the NYC Department of Finance, the value of the Property is $485,000.00. A copy of NYC Department of Finance Notice of Property Value is annexed hereto as Exhibit "D."

28. According to the Judgment of Foreclosure and Sale, the Referee's report stated that the amount due to Wells Fargo was $364,518.21. Therefore, the Property could have been sold for more than what Wells Fargo would have received in a Chapter 7 case.

29. In the accompanying affidavit and in accordance with Local Rule 9077-1, the Debtor is requesting a hearing on shorten notice because the foreclosure sale has occurred and she is endanger of losing her home.

30. The Debtor has personal knowledge of the facts set forth herein and this is set forth in her Local Rule 9077 affidavit.

31. Accordingly, it is respectfully requested that this Court schedule a hearing on shorten notice to determine whether to set aside the Order dismissing the above-referenced case so as to allow the Debtor to set aside the foreclosure sale as void and in violation of the automatic stay or to commence an adversary proceeding to set aside the sale as a preference.

WHEREFORE, in view of the foregoing, it is respectfully requested that this Court enter an Order scheduling a hearing on shorten notice to determine whether to set aside the Order dismissing the above-referenced case so as to allow the Debtor to get details on the foreclosure sale and to set aside the foreclosure sale as void and in violation of the automatic stay or to commence an adversary proceeding to set aside the sale as a .preference and for such other further and different relief as this Court deems just proper and equitable.

Dated: Forest Hills, New York
October 3, 2019

        ALISHAEV LAW GROUP
        Attorneys for the Debtor

By:___David Alishaev_____
      David Alishaev
      100-15 Queens Blvd.
      Forest Hills, NY 11375
      (718) 459-2030

UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

KATHLEEN ANN CLARK,                        Chapter 13
                                           Case No.: 19-44280-cec

                        Debtor.
----------------------------------------------------------X

DEBTOR'S AFFIDAVIT IN SUPPORT FOR AN ORDER SCHEDULING A HEARING ON
AN EXPEDITED BASIS FOR AN ORDER TO SET ASIDE AN ORDER DATED
SEPTEMBER 3, 2019 DIRECTING THE CLERK'S OPFFICE TO DISMISS THE ABOVE-
REFERENCED BANKRUPTCY PROCEEDING FOR THE PURPOSE OF SETTING ASIDE
A FORECLOSURE SALE AND PURSUANT TO LOCAL RULE 9077-1

STATE OF NEW YORK    )
                     ) ss
COUNTY OF QUEENS     )

        KATHLEEN ANN CLARK, the undersigned, being duly sworn deposes and states as

follows:

    1.  On July 12, 2019, I filed a petition for bankruptcy relief pursuant to Chapter 13 of the

        Bankruptcy Code which was assigned case number 19-44280-cec. I was not

        represented by counsel at the time she filed the petition.

    2.  I filed the petition on the day of the scheduled foreclosure sale of her home known as

        108-21 154th Street, Jamaica, New York (the "Property"). Wells Fargo Bank, N.A.

        ("Wells Fargo") had commenced a foreclosure action against me in the Supreme

        Court of the State of New York, County of Queens which was assigned index number

        705607/2013.

    3.  According to the Court's records the petition for the above case was filed at 10:56

        a.m.  However, I believed that I got to the Bankruptcy Court earlier than that time. A

        copy of the notice of the bankruptcy petition is annexed hereto as Exhibit "A".

4. I believe that the foreclosure sale in connection with her property occurred subsequent to her bankruptcy filing.

5. I commenced the Chapter 13 bankruptcy proceeding for the purpose of trying to either save my home or to enter into loss mitigation with Wells Fargo Bank, N.A. through the bankruptcy proceeding. I was seeking to enter into a short sale or a loan modification with Wells Fargo.

6. When I learned that the foreclosure sale went forward despite the bankruptcy filing, I abandoned my efforts to continue with the bankruptcy proceeding because I thought it was not possible anymore to save my home or to negotiate an amicable resolution to the foreclosure action with Wells Fargo. I was not represented by counsel and did not know what to do regarding the Chapter 13 bankruptcy filing. As such, the Court, thereafter, entered an Order dated September 3, 2019 directing the Clerk of the Court to dismiss the Chapter 13 case for failure to file the required schedules and other documents in connection with the bankruptcy case. [Please see Docket No. 15 on the Court's Electronic Docket System].

7. I am uncertain as to the time that the foreclosure sale took place and believe that it took place subsequent to the bankruptcy filing.

8. My counsel has tried to contact the Referee assigned to conduct the foreclosure sale, Joseph Misk at the telephone number indicated in the Judgment of Foreclosure and Sale and that telephone number is not a working number. Annexed hereto as Exhibit "B" is the Judgment of Foreclosure and Sale and Debtor refers specifically to page 3 of the Judgment of Foreclosure and Sale.

9.    My counsel also requested information from Well Fargo's attorney regarding the foreclosure sale but has not received any response.

10. Pursuant to the Foreclosure Sale Rules of Queens County, within thirty days after completing the sale and executing the proper conveyance to the purchaser, the Referee conducting the sale shall file with the clerk his/her report under oath of the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payments were made (RPAPL 1355). A copy of Queens County Supreme Court Foreclosure Auction Rules is annexed hereto as Exhibit "C".

11. Upon information and belief, the Referee has not yet filed his report under oath of the disposition of the proceeds of the sale.

12. By way of this motion, I am seeking an Order setting aside the Order dismissing my bankruptcy case and closing the case pursuant to Rule 60 of the Federal Rules of Bankruptcy Procedure for the purpose of setting aside or vacating the foreclosure sale of my home that occurred on July 12, 2019.

13. This is an emergency because I am in danger of losing my home and entering into loss mitigation with Wells Fargo.

_Kathleen Clark_

KATHLEEN ANN CLARK
DEBTOR

SWORN TO BEFORE ME ON THIS
7th DAY OF OCTOBER, 2019

_____
Notary Public



EXHIBIT "A"

9/24/2019

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy
Code, entered on 07/12/2019 at 11:01 AM and filed on
07/12/2019 at 10:56 AM.



**Kathleen Ann Clark**
108-21 154 St
Jamaica, NY 11433
SSN / ITIN: xxx-xx-4591

The bankruptcy trustee is:

**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749
(631) 549-7900

The case was assigned case number 1-19-44280-cec to Judge Carla E. Craig.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595,
Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |

09/24/2019 12:01:49

| PACER Login: | Afishaevlaw911:3657461:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 1-19-44280-cec |
| Billable Pages: | 1 | Cost: | 0.10 |

EXHIBIT "B"

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM    INDEX NO. 705607/2013

NYSCEF DOC. NO. 197    FILED AND RECORDED    RECEIVED NYSCEF: 04/18/2019

APR 18 2019

COUNTY CLERK
QUEENS COUNTY

SEQUENCE NO. 5

PRESENT: Hon. Kevin J. Kerrigan, J.S.C.
JUSTICE OF THE SUPREME COURT

At Part 10 of the Supreme Court held in
the County of Queens, at the Queens
Courthouse thereof, on the 11th day of
April, 2019.

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

Wells Fargo Bank, N.A.,

Plaintiff(s),

v.

Ellen Clark; Kathleen Clark; New York City Parking
Violations Bureau; New York City Transit Adjudication
Bureau; New York City Environmental Control Board; Karl
Clark; Jane Doe,

Defendant(s).

INDEX NO. 705607/2013

**ORDER CONFIRMING
REFEREE REPORT AND
JUDGMENT OF
FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
108-21 154th Street
Jamaica, NY 11433-2740

SBL #: Section 44 Block 10143
Lot 14

UPON the Summons, Complaint, and Notice of Pendency filed in this action on the 2nd

day of December, 2013, and the Additional Notice of Pendency filed on the 17th day of August,

2017, the Notice of Motion dated September 12, 2018, the affirmation by Robert S. Markel, Esq.,

the affidavit of merit and amount due by Kimberly Mueggenberg, who is Vice President of Wells

Fargo Bank, N.A., duly sworn to on August 6, 2018, together with the exhibits annexed thereto,

all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

UPON proof that the defendants, Kathleen Clark, Ellen Clark, New York City Parking

Violations Bureau, New York City Transit Adjudication Bureau, New York City Environmental

Control Board, Horris Doe (Last Name Refused), Jane Doe, Refused Name, Jane Doe (Name

Refused), Karl Clark, Latisha Doe (Last Name Refused), and Karl Clarke, herein has been duly

served with the Summons and Complaint in this action, and has voluntarily appeared either

personally or by an attorney; and it appearing that more than the legally required number of days

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF. DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

has elapsed since defendants Kathleen Clark, Ellen Clark, New York City Parking Violations
Bureau, New York City Transit Adjudication Bureau, New York City Environmental Control
Board, Horris Doe (Last Name Refused), Jane Doe, Refused Name, Jane Doe (Name Refused),
Karl Clark, Latisha Doe (Last Name Refused), and Karl Clarke were so served and/or appeared;
and Plaintiff having established to the court's satisfaction that a judgment against defendants is
warranted; and

**UPON** the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

**UPON** proof that non-appearing defendants, New York City Parking Violations Bureau,
New York City Transit Adjudication Bureau, New York City Environmental Control Board,
Horris Doe (Last Name Refused), Jane Doe, Refused Name, Jane Doe (Name Refused), Karl
Clark, Latisha Doe (Last Name Refused), and Karl Clarke, are not absent, in accordance with
RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the
bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged
property can be sold in parcels; and

**UPON** reading and filing the Report of Joseph N. Misk dated August 30, 2018, showing
the sum of $364,518.21 due as of the date of said Report and that the mortgaged property may
not be sold in parcels; and

**UPON** proof of due notice of this motion upon all parties entitled to receive same, and
upon all the prior proceedings and papers filed herein; and upon reading and filing the decision of the Court
dated November 26, 2018;

NOW, on motion by Robert S. Markel, Esq., attorney for the Plaintiff, it is hereby.,
without opposition,
ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted; and it is further

18-072158                          Judgment of Foreclosure and Sale                     Page 2 ~~of 12~~

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

*of Joseph N. Misk dated August 30, 2018*

ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same

is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in

the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge

the mortgage debt, the expenses of the sale, and the costs of this action as provided by the

RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at

the *Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, NY*, by and under the
*In Courtroom #25 at 10:00am on a Friday*

direction of Joseph N. Misk, 215-48 Jamaica Avenue, Queens Village, NY 11428, (718)468-

0508 who is hereby appointed Referee for that purpose; that said Referee give public notice of

the time and place of sale in accordance with RPAPL §231 in

*Newspaper* *Newsday-Queens*; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the

Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22

NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment")

and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is

disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee

shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee is prohibited from

accepting or retaining any funds for him/herself or paying funds to him/herself without

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee shall conduct the

foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at

the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors~~ and it is further ~~and/or assigns, or its representative; and it is further~~

**ORDERED, ADJUDGED, AND DECREED** that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED, AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

**ORDERED, ADJUDGED, AND DECREED** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in ~~the Referee's I.O.L.A. account maintained for legal clients,~~ Flushing Savings Bank in his/her own name as Referee, in accordance with CPLR 2609; and it is further

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

ORDERED, ADJUDGED AND DECREED, that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED, AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED, AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents or water rates, which are, or may become, liens on the property at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in ~~their I.O.L.A. account maintained for legal clients,~~ Flushing Savings Bank and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF. DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

*Add'l Ref + Fee NK* [handwritten note in left margin]

FIRST: The Referee's statutory fees for conducting the sale, in accordance with
$750.00
CPLR 8003(b), not to exceed ~~$500.00 unless the property sells for $50,000.00 or more or~~
In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in

the sum of $ 250.00/NK for each adjournment or cancellation, unless the

Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property

and monies necessary to redeem the property from any sales for unpaid taxes,

assessments, or water rates that have not become absolute, and any other amounts due in

accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and

penalties due on any real property taxes accruing after the sale. The Referee shall not be

responsible for the payment of penalties or fees pursuant to this appointment. The

Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the

bills presented and certified by said Referee to be correct, duplicate copies of which shall

be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $364,518.21 with interest at the note rate

from August 2, 2018 until the date of entry of this judgment, together with any advances

as provided for in the note and mortgage which Plaintiff has made for taxes, insurance,

principal, and interest, and any other charges due to prior mortgages or to maintain the

property pending consummation of this foreclosure sale, not previously included in the

computation, upon presentation of receipts for said expenditures to the Referee, all

together with interest thereon pursuant to the note and mortgage, and then with interest

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM
NYSCEF DOC. NO. 170

INDEX NO. 705607/2013
RECEIVED NYSCEF: 04/18/2019

from the date of entry of this judgment at the statutory rate until the date the deed is

transferred;

Costs and Disbursements: ~~$3,020.38~~ C $1960.00 adjudged to the Plaintiff for costs and

disbursements in this action, with interest at the statutory judgment rate from the date of

entry of this judgment;

*Additional Allowance* JJC

Additional Allowance: $ 300.00 XX is hereby awarded to Plaintiff in

addition to costs, with interest at the statutory judgment rate from the date of entry of this

judgment, pursuant to CPLR Article 83;

*Atty fees* JJC

Attorney Fees: ~~$1,950.00~~ -0- is hereby awarded to Plaintiff as reasonable legal fees

herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be ~~paid into court~~ deposited with the Queens County Clerk, by the officer

conducting the sale within five days after receipt in accordance with RPAPL §1354(4)

and in accordance with local County rules regarding Surplus Monies; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the Plaintiff is the purchaser of the

property, or in the event that the rights of the purchasers at such sale and the terms of sale under

this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof

is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount

bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the

property sold upon the payment to said Referee of the amounts specified in items marked "First",

"Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts

specified in "Second" and "Third" above when it is recording the deed; that the balance of the

bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due to

Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of

applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First", "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against Kathleen Clark, unless discharged in bankruptcy, in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF DOC. NO. 170

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the ~~clerk~~ ∧ Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM
NYSCEF DOC. NO. 170

INDEX NO. 705607/2013
RECEIVED NYSCEF: 04/18/2019

maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED, ADJUDGED AND DECREED** that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED** that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 108-21 154th Street, Jamaica, NY 11433-2740.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER

~~DATED:~~

_____
Hon. Kevin J. Kerrigan, J.S.C.
Justice of the Supreme Court

Audrey I. Pheffer
Clerk

**ENTERED**
APR 18 2019
12:50PM
COUNTY CLERK
QUEENS COUNTY

**FILED & RECORDED**
APR 18 2019
COUNTY CLERK
QUEENS COUNTY

Attorney certification pursuant
to 22NYCRR §130-1.1-a
is affixed to inside cover.

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM
NYSCEF DOC. NO. 170

FILED: QUEENS COUNTY CLERK 08/17/2017 10:10 AM
NYSCEF DOC. NO. 86

INDEX NO. 705607/2013
RECEIVED NYSCEF: 04/18/2019

INDEX NO. 703607/2013
RECEIVED NYSCEF: 08/17/2017

## Schedule A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Queens, County of Queens, City and State of New York, known and designated as and by Lots Nos. 72 and 73 Block 5 on a certain map entitled, "Map of Property belonging to Joseph Dahl, situate at Jamaica, 4th Ward, Borough of Queens, City and State of New York, surveyed September 1904 by E.W. Conklin, C.S., and filed in the office of the Clerk of the County of Queens (now Register) on October 1, 1904 as Map No. (old) 445, (new) 780, being more particularly bounded and described according to said map as follows:

BEGINNING at a point on the easterly side of Pulaski Place, now called 154th Street, distant 360 feet northerly from the corner formed by the intersection of the northerly side of Pacific Street, now called 108th Avenue, with the easterly side of Pulaski Place,

RUNNING THENCE easterly at right angles to Pulaski Place, 73.5 feet to the rear line of lot 72 on said map;

THENCE northerly along the rear line of lots 72 and 73 on said map to a point on the northerly side of lot 73;

THENCE westerly along the northerly side of 73, 46.5 feet to the easterly side of Pulaski Place;

THENCE southerly along the easterly side of Pulaski Place, 52.50 feet to the point or place of BEGINNING.

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM

NYSCEF DOC. NO. 170

NYSCEF DOC. NO. 143

INDEX NO. 705607/2013

RECEIVED NYSCEF: 04/18/2019

INDEX NO. 705607/2013

RECEIVED NYSCEF: 09/13/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Wells Fargo Bank, N.A.,

                           Plaintiff,

    v.

Kathleen Clark and Ellen Clark, et al,

                    Defendants.

**COSTS OF PLAINTIFF**
INDEX NO. 705607/2013

MORTGAGED PROPERTY:
108-21 154th Street
Jamaica, NY 11433-2740
COUNTY: Queens
SBL #: Section 44 Block
10143 Lot 14

## COSTS

| | |
|---|---|
| Costs before note of issue - CPLR 8201(1) | $200.00 |
| Allowance by statute - CPLR 8302(a)(b) | $150.00 |

WITHIN COSTS TAXED with/without NOTICE
AT $ 1,960.00

APR 18 2019

COUNTY CLERK QUEENS COUNTY

| | | |
|---|---|---|
| First $200.00 at 10% | $20.00 | |
| Next $800.00 at 5% | $40.00 | |
| Next $2000.00 at 2% | $40.00 | |
| Next $5000.00 at 1% | $50.00 | |

| | |
|---|---|
| Additional allowance - CPLR 8302(d) | $50.00 |
| Discretionary costs on motion - CPLR 8303(a)(1) | **$400.00** |

## FEES AND DISBURSEMENTS:

| | | |
|---|---|---|
| Fee for index number - ...........................................CPLR 8018(a) | $400.00 | |
| Referee's fee to compute, per order of the court - ..CPLR 8003(a) | $250.00 | |
| Paid for searches -................................................CPLR 8301(a)(10) | ~~$620.00~~ $275.00 | |
| Serving copy of Summons and Complaint -...........CPLR 8301(d) | ~~$1,055.00~~ $350.00 | |
| Reproduction Costs - ..............................................CPLR 8301(a)(6) | $0.00 | |
| Fees for publication of Summons -........................CPLR 8301(a)(3) | $0.00 | |
| Certified copies of papers -...................................CPLR 8301(a)(4) | $0.00 | |
| Request for Judicial Intervention - ........................CPLR 8020(a) | $95.00 | |
| Clerk's fee for filing Notice of Pendency -.............CPLR 8021 (a)(10) | $70.00 | |
| Skip trace fees - .....................................................CPLR 8301(d) | ~~$16.38~~ | |
| Motion Fees -..........................................................CPLR 8020(a) | $90.00 | |
| Note of Issue -........................................................CPLR 8020(a) | $30.00 | |
| Total: | ~~$2,026.38~~ $1,960.00 | |

## ATTORNEY'S AFFIRMATION

      The undersigned, Robert S. Markel, Esq. pursuant to CPLR 2106 and under penalties of

perjury affirms as follows:

FILED: QUEENS COUNTY CLERK 04/18/2019 02:12 PM
NYSCEF DOC. NO. 170

NYSCEF DOC. NO. 143

INDEX NO. 705607/2013
RECEIVED NYSCEF: 04/18/2019
INDEX NO. 705607/2013
RECEIVED NYSCEF: 09/13/2018

That he/she is the attorney of record for the Plaintiff in the above-captioned action, that

the foregoing disbursements have been incurred in this action and are reasonable in amount, and

that the copies of documents or papers charged for herein were actually and necessarily obtained.

Dated: _____ 9/12/18
     Monroe County, New York

Robert S. Markel, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, New York 14624
(585) 247-9000
Fax: (585) 247-7380

## ATTORNEY'S CERTIFICATION

I, Bridget M. Dehmler, am an attorney duly admitted to the practice of law in the State of New York. I am an associate of Shapiro, DiCaro & Barak, LLC, the attorneys for the Plaintiff, Wells Fargo Bank, N.A., in the above captioned civil action.

I HEREBY CERTIFY, pursuant to §130-1.1-a of the Rules of the Chief Administrator (22 NYCRR), to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of the papers in this action checked below, or the contentions therein, are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22 NYCRR):

{ }    Summons & Complaint

{ }    Answer or Reply

{ }    Attorney's Affirmation

{X}    Other:  Notice of Settlement of Judgment of Foreclosure and Sale

DATED:  1/2/19

Bridget M. Dehmler, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, New York 14624
(585) 247-9000
Fax: (585) 247-7380

18-072158

QUEENS COUNTY CLERK 04/18/2019 02:12 PM

DOC. NO. 170

INDEX NO. 7056

RECEIVED NYSCEF: 04/18

FILED & RECORDED

APR 18 2019

COUNTY CLERK
QUEENS COUNTY

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO. 705607/2013

Wells Fargo Bank, N.A.,

Plaintiff,

-vs-

Kathleen Clark and Ellen Clark, et al.,

Defendants.

NOTICE OF SETTLEMENT
OF JUDGMENT OF FORECLOSURE
AND SALE

SHAPIRO, DICARO & BARAK,
LLC
ATTORNEYS FOR PLAINTIFF
175 Mile Crossing Boulevard
Rochester, New York 14624
(585) 247-9000

EXHIBIT "C"

QUEENS COUNTY SUPREME COURT

FORECLOSURE AUCTION RULES

Foreclosure auctions resulting from judgments of foreclosure and sale or partition judgments are held at the Queens County Supreme Courthouse located at 88-11 Sutphin Boulevard, Jamaica, NY, on the second floor in Courtroom 25 at 10:00 AM on Fridays. These auctions apply to the sale of real property. They do not include the sale of co-operative apartments.

Neither the Court nor County Clerk's Office provides lists of properties up for sale. The attorney for plaintiff, which can be found by searching the County Clerk's minutes by Index Number, can be contacted for information regarding the scheduled sale date. Additionally, notices of all scheduled auctions are published in the legal section of local newspapers at least 30 days in advance.

Representatives for the plaintiff shall fax case details to 718-298-1171 (see Auction Sheet under Forms at Home page) to the Residential Foreclosure Part one day before the scheduled auction.

The Terms of Sale, including any known encumbrances, must be posted outside of the courtroom no later than 9:30 AM of the day of sale.

The Referee and all interested parties must be present in the courtroom on the scheduled published date at 9:45 AM. The referee must submit a completed affidavit prior to the auction (see Referee Affirmation under Forms at Home page).

Referees will only accept a certified bank check made payable to the Referee. All bidders must have proof of identification and will be required to stand and state their name at the time the bid is made.

A successful bidder must have in his/her possession at the time of the bid the full 10% of the sum bid, in certified bank check to be made payable to the Referee.

A Foreclosure Action Surplus Monies Form (see Surplus Monies Form under Forms at Home page) must be completed by the Referee conducting the sale, plaintiff's representative and the purchaser for all auctions resulting in a potential surplus at the auction.

Within thirty days after completing the sale and executing the proper conveyance to the purchaser, the Referee conducting the sale shall file with the clerk his/her report under oath of the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payments were made (RPAPL 1355). If the Report of Sale is not filed with the County Clerk's Office within 90 days of sale, contact the Fiduciary Clerk (Al Lowe) at 718-298-1103 to advise.

Bidders are cautioned that the failure to pay the full purchase price bid and appropriate closing costs at a closing to be scheduled within thirty (30) days following the auction may result in the forfeiture of the 10% deposit.

If the successful bidder defaults in concluding the transaction at the purchase price, he/she may be liable for the difference if the property is subsequently sold at auction for a sum which is inadequate to cover all items allowed in the Final Order and Judgment.

It is the responsibility of the bidder to acquaint him/herself with the property, any encumbrances thereon, and the Terms of Sale before placing a bid and to be certain that adequate funds are available to make good the bid. The failure of the successful bidder to complete the transaction under the terms bid may result in the bidder's preclusion from bidding at auction for a period of sixty (60) days.

EXHIBIT "D"



**Department of Finance**

# NOTICE OF PROPERTY VALUE
## Tax Year 2019-20
### (This is not a bill.)

‖ 5526158190115501 ‖
ELLEN CLARK
10821 154TH ST
JAMAICA NY 11433-2740

January 15, 2019

Owner(s)
ELLEN CLARK

Property Address
108-21 154 STREET

Borough: 4   Block: 10143   Lot: 14

Tax Class: 1   Building Class: A1   Units: 1 residential

---

## YOUR NOTICE OF PROPERTY VALUE (NOPV) AT A GLANCE

**2019-20 Market Value:**    $485,000

**2019-20 Assessed Value:**    $12,182

**Your property tax exemptions:**    BASIC STAR

**See below for an estimate of your 2019-20 property tax.**

---

## WHAT IS THIS NOTICE?

This is your annual notice of property value, or NOPV. **It is not a bill, and no payment is required**. This notice will:

- Inform you of our assessment of your property for tax year 2019-20, and tell you how to challenge it if you believe there is a mistake.
- Explain how property taxes are calculated.
- Provide an estimate of your property tax for tax year 2019-20.

Please keep a copy of this notice with your records. You may also view your NOPV and property tax bills online at www.nyc.gov/nopv.

## ESTIMATED 2019-20 PROPERTY TAX

We cannot calculate your 2019-20 property tax until the new tax rate is established by the city council. Until then, you will pay the 2018-19 rate. Many factors influence the amount you will owe, including the value of any exemptions you receive. See page two for details about how property tax is calculated.

The table below estimates the amount you will owe by multiplying the taxable value of your property by the current tax rate of 20.919%. This table is provided for informational purposes only; the actual amount you owe may differ, depending on the 2019-20 tax rate and the value of your exemptions and abatements.

| Year | Taxable Value | | Tax Rate | | Estimated Property Tax |
|------|---------------|---|----------|---|------------------------|
| 2019-20 | $10,722 | x | 0.20919 | = | $2,242.94 |

### KEY DATES

**March 15, 2019**
Last day to challenge your market or assessed value. (*See page 2.*)

**March 15, 2019**
Last day to apply for a tax exemption. (*See page 3.*)

**July 1, 2019**
2019-20 tax year begins.

**November 2019**
2019-20 tax rate is determined.

**January 2020**
First bill with the new tax rate.

**To learn more, visit
www.nyc.gov/nopv**

## ABOUT YOUR PROPERTY TAXES

Property taxes are determined using a complex formula that takes into account many different amounts and calculations. Visit www.nyc.gov/nopv for more information about property valuation and taxation.

| | |
|---|---|
| First, we estimate the **MARKET VALUE** of your property. | **$485,000** |

We start by looking at the selling prices of properties in your neighborhood with characteristics similar to those in the description of your property that appears on page three of this notice. We then use statistical analysis to determine your market value.

| | |
|---|---|
| Next, we determine the **ASSESSED VALUE** of your property. | **$12,182** |

We multiply your market value by an assessment ratio to determine the assessed value of your property. The assessment ratio for properties in tax class 1 is 6% for 2019-20; this is the maximum percentage of market value at which your assessed value can be set. However, there are caps on how much your property's assessed value can increase. Under state law, your assessed value cannot increase more than 6% per year or 20% over five years, regardless of increases to your property's market value, unless the increases are due to construction or renovations.

| | |
|---|---|
| From there we are able to determine your **EFFECTIVE MARKET VALUE.** | **$203,033** |

After applying the legal caps on your assessed value, we are able to determine your effective market value, which is the market value you are "effectively" paying taxes on. The effective market value is computed by dividing your assessed value by 6%. This number will be important should you choose to challenge our determination of your market value, as your property tax will not go down unless you can prove that your market value should be lower than the effective market value.

| | |
|---|---|
| Next we subtract the value of any **EXEMPTIONS** you receive. | **$1,460** |

If you receive any exemptions, we subtract their value - your exemption value - from your property's assessed value. Your exemption value is used to calculate your taxable value (see below); it is not the dollar amount that you will save on your property taxes.

| | |
|---|---|
| The result is your **TAXABLE VALUE**. | **$10,722** |

After subtracting the value of any exemptions you receive, we arrive at your property's taxable value. The amount you owe in property taxes is determined by applying the city's property tax rate, which is currently 20.919%, to your taxable value. Any abatements that you receive are then applied to reduce your tax bill.

| WHAT TO DO IF YOU DISAGREE WITH THESE VALUES | |
|---|---|
| **Challenge Your Market Value** <br> with the Department of Finance | **Challenge Your Assessed Value** <br> with the New York City Tax Commission |
| If you believe the Department of Finance has made an error in determining your market value, you may submit a "Request for Review" form. The form is available at www.nyc.gov/nopv, or by calling 311. <br><br> Many property owners consider challenging their market value in hopes of reducing their property tax. However, your property tax will not go down unless you can prove that the market value should be lower than the effective market value. <br><br> **Deadline: March 15, 2019** | You have the right to challenge your assessed value by appealing to the New York City Tax Commission, an independent agency that is separate from the Department of Finance. The Tax Commission has the authority to reduce your property's assessed value, change its tax class, and adjust your tax exemptions. The Tax Commission cannot change your market value, property description, or building class. <br><br> Your application must be received by the filing deadline. To access Tax Commission appeal forms, visit www.nyc.gov/taxcommission. You may also visit a Department of Finance business center (locations at www.nyc.gov/nopv). For more information, call 311. <br><br> **Deadline: March 15, 2019** |

## PLEASE REVIEW: YOUR PROPERTY DETAILS

The Department of Finance has the following information on record for your property. Please review this information and inform us of any errors by filing a "Request to Update" form, available at www.nyc.gov/nopv or by calling 311.

**Owner(s):** ELLEN CLARK

**Building Class:** A1 (One-family dwelling)

**Borough:** 4  (Queens)

**Block:** 10143

**Lot:** 14

| | | | | | |
|---|---|---|---|---|---|
| Primary Zoning | R4-1 | Lot Frontage | 52.00 ft | Lot Depth | 72.00 ft |
| Lot square feet | 3,198 | Lot Shape | Irregular | Lot Type | Inside |
| Proximity | Inside | Building Frontage | 20.00 ft | Building Depth | 30.00 ft |
| Number of Buildings | 1 | Style | Old Style | Year Built | 1910 |
| Exterior Condition | Average | Finished Sq. Ft. | 1,364 | Unfinished Sq. Ft. | 740 |
| Commercial Units | 0 | Commercial Sq. Ft. | 0 | Residential Units | 1 |
| Garage Type | N/A | Garage Sq. Ft. | 0 | Basement Grade | Below Grade |
| Basement Sq. Ft. | 0 | Basement Type | Full | Construction Type | Brick |
| Exterior Wall | Aluminum/Vinyl | Number of Stories | 1.75 | | |

## WHAT'S CHANGED:  COMPARING TAX YEARS 2018-19 AND 2019-20

| | Current Year (2018-19) | Next Year (2019-20) | Change |
|---|---|---|---|
| Market Value | $477,000 | $485,000 | +$8,000 |
| Assessment Percentage | 6% | 6% | - - |
| Assessed Value | $12,031 | $12,182 | +$151 |
| Effective Market Value | - - | $203,033 | - - |
| Exemption Value | $1,460 | $1,460 | +$0 |
| Taxable Value | $10,571 | $10,722 | +$151 |

## HOMEOWNER TAX EXEMPTIONS

New York City offers tax breaks known as exemptions to seniors, veterans, clergy members, people with disabilities, and others. In addition to reducing your taxes, many exemptions can keep you out of the lien sale. See the enclosed sheet for more information about the lien sale.

The deadline to apply for homeowner exemptions is March 15, 2019. For more information, visit www.nyc.gov/nopv or call 311.

New York State offers a STAR benefit that covers many homeowners and an Enhanced STAR benefit for seniors. If you applied with the state for the STAR or Enhanced STAR credit after March 15, 2015, the credit will not appear on this notice. Visit www.tax.ny.gov/star for more information.

## COOP-CONDO TAX ABATEMENT

Owners of cooperative units and condominiums can receive an abatement that will help them save money on their property taxes. Your unit must be in an eligible building and it must be your primary residence.

Your managing agent or board of directors must apply on your behalf and certify that the unit is your primary residence. The deadline is February 15, 2019. Please contact your managing agent or board of directors with any questions.

If you need additional information, or if you do not have a managing agent, contact the Department of Finance at www.nyc.gov/contactcoopabat, or call 311.

## HOW TO GET HELP

### CONTACT THE DEPARTMENT OF FINANCE

If you have questions about any of the information in this notice, contact the New York City Department of Finance:

**Online:**   www.nyc.gov/nopv

**Phone:**   Dial 311. (Outside NYC or for relay service, call 212-639-9675.)

**Mail:**   NYC Department of Finance
Correspondence Unit
1 Centre St, 22nd Fl
New York, NY 10007

**In Person:**   Visit a DOF business center (locations at www.nyc.gov/nopv) or attend a Department of Finance outreach event (details below).

### DEPARTMENT OF FINANCE OUTREACH EVENTS

Receive one-on-one help with your notice of property value. Call 311 or visit www.nyc.gov/nopv to confirm dates and locations and find other events in your borough. Bring your NOPV to the event.

| MORNING EVENTS (10 A.M. - 12 P.M.) | |
| --- | --- |
| February 5<br>Bronx | Bronx Borough President's Office<br>851 Grand Concourse, Rotunda |
| February 6<br>Manhattan | David N. Dinkins Municipal Building<br>1 Centre St, Mezzanine North |
| February 7<br>Brooklyn | Brooklyn Borough Hall<br>209 Joralemon St |
| February 12<br>Queens | Queens Borough Hall<br>120-55 Queens Blvd, Atrium |
| February 14<br>Staten Island | Staten Island Borough Hall<br>10 Richmond Terrace, Room 125 |

| EVENING EVENTS (5 - 7 P.M.) | |
| --- | --- |
| February 13<br>Manhattan | David N. Dinkins Municipal Building<br>1 Centre St, Mezzanine North |
| February 19<br>Brooklyn | Brooklyn Borough Hall<br>209 Joralemon St |
| February 20<br>Queens | Queens Borough Hall<br>120-55 Queens Blvd, Atrium |
| February 21<br>Bronx | Bronx Borough President's Office<br>851 Grand Concourse, Rotunda |
| February 25<br>Staten Island | Staten Island Borough Hall<br>10 Richmond Terrace, Room 125 |

### OFFICE OF THE TAXPAYER ADVOCATE

If you have made a reasonable effort to resolve a tax issue with the Department of Finance but feel that you have not received a satisfactory response, the Office of the Taxpayer Advocate can help. For assistance, visit www.nyc.gov/taxpayeradvocate and complete form DOF-911, "Request for Help from the Office of the Taxpayer Advocate."

**Email:**   DOFTaxpayerAdvocate@finance.nyc.gov
**Call:**   212-312-1800
**Mail:**   NYC Office of the Taxpayer Advocate, 253 Broadway, 6th Floor, New York, NY 10007

**If due to a disability you need an accommodation in order to apply for and receive a service or participate in a program offered by the Department of Finance, please contact the Disability Service Facilitator at www.nyc.gov/contactdofeeo or by calling 311.**

QUEENS COUNTY SUPREME COURT

FORECLOSURE AUCTION RULES

Foreclosure auctions resulting from judgments of foreclosure and sale or partition judgments are held at the Queens County Supreme Courthouse located at 88-11 Sutphin Boulevard, Jamaica, NY, on the second floor in Courtroom 25 at 10:00 AM on Fridays. These auctions apply to the sale of real property. They do not include the sale of co-operative apartments.

Neither the Court nor County Clerk's Office provides lists of properties up for sale. The attorney for plaintiff, which can be found by searching the County Clerk's minutes by Index Number, can be contacted for information regarding the scheduled sale date. Additionally, notices of all scheduled auctions are published in the legal section of local newspapers at least 30 days in advance.

Representatives for the plaintiff shall fax case details to 718-298-1171 (see Auction Sheet under Forms at Home page) to the Residential Foreclosure Part one day before the scheduled auction.

The Terms of Sale, including any known encumbrances, must be posted outside of the courtroom no later than 9:30 AM of the day of sale.

The Referee and all interested parties must be present in the courtroom on the scheduled published date at 9:45 AM. The referee must submit a completed affidavit prior to the auction (see Referee Affirmation under Forms at Home page).

Referees will only accept a certified bank check made payable to the Referee. All bidders must have proof of identification and will be required to stand and state their name at the time the bid is made.

A successful bidder must have in his/her possession at the time of the bid the full 10% of the sum bid, in certified bank check to be made payable to the Referee.

A Foreclosure Action Surplus Monies Form (see Surplus Monies Form under Forms at Home page) must be completed by the Referee conducting the sale, plaintiff's representative and the purchaser for all auctions resulting in a potential surplus at the auction.

Within thirty days after completing the sale and executing the proper conveyance to the purchaser, the Referee conducting the sale shall file with the clerk his/her report under oath of the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payments were made (RPAPL 1355). If the Report of Sale is not filed with the County Clerk's Office within 90 days of sale, contact the Fiduciary Clerk (Al Lowe) at 718-298-1103 to advise.

Bidders are cautioned that the failure to pay the full purchase price bid and appropriate closing costs at a closing to be scheduled within thirty (30) days following the auction may result in the forfeiture of the 10% deposit.

If the successful bidder defaults in concluding the transaction at the purchase price, he/she may be liable for the difference if the property is subsequently sold at auction for a sum which is inadequate to cover all items allowed in the Final Order and Judgment.

It is the responsibility of the bidder to acquaint him/herself with the property, any encumbrances thereon, and the Terms of Sale before placing a bid and to be certain that adequate funds are available to make good the bid. The failure of the successful bidder to complete the transaction under the terms bid may result in the bidder's preclusion from bidding at auction for a period of sixty (60) days.